NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3109

PEDRO M. MAPA,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  July 18, 2005

_____

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge,  and PROST, Circuit Judge.

RADER, Circuit Judge.

I.

The Merit Systems Protection Board (Board) denied Pedro M. Mapa's request for a Civil Service Retirement Service (CSRS) annuity.  The Board reasoned that Mr. Mapa's intermittent and non-permanent employment  did not meet the requirements for an annuity.  Because the Board's finding was not arbitrary, capricious, or an abuse of discretion, and was in accordance with law, this court affirms.

II.

Mr. Mapa served the Department of the Navy in the Philippines over two separate time periods.  In the first period, Mr. Mapa worked intermittently under a series

of appointments from December 29, 1947, until his separation due to a reduction-in-force on February 28, 1977. On December 8, 1977, Mr. Mapa applied for CSRS annuity benefits. The Civil Service Commission's Bureau of Retirement, Insurance, and Occupational Health (BRIOH) denied the application on October 3, 1978. The Board's San Francisco Field Office denied Mr. Mapa's appeal of this decision because none of Mr. Mapa's appointments during this initial period was covered by the retirement system. Mapa v. U.S. Civil Service Comm'n., No. SF-0831-00-229 (M.S.P.B. June 24, 1980) (Mapa I).

On January 30, 1978, Mr. Mapa began a second series of appointments for the Department of the Navy. This service continued until his retirement on March 17, 1989. Mr. Mapa's service from 1978 to 1989 was not considered in the 1978 decision of BRIOH or the 1980 decision of the Board's Field Office. On July 7, 2004, Mr. Mapa asked the Board to review the Field Office's decision in light of his second series of appointments. The Board denied his request on January 3, 2005, because it could not find clear error in the original Field Office decision; and, further, it could not consider evidence of Mr. Mapa's second series of appointments that was not in the original record. Mapa v. Office of Pers. Mgmt., No. SF-0831-80-5263-O-1 (M.S.P.B. Jan. 3, 2005) (Mapa II).

Because Mr. Mapa's application was filed prior to January 11, 1979, the effective date of the Civil Service Reform Act ("CSRA"), the provisions of the "old system" governed the appeal. See, e.g., Kieser v. Office of Pers. Mgmt., 6 M.S.P.B. 245, 247-48, 6 M.S.P.R. 287 (1981). Under the provisions of the "old system," the Board treated Mr. Mapa's 2004 request as a petition for reopening and reconsideration under 5 C.F.R.

§§ 772.310 and 772.312 (1978). These regulations provide that the Board may reopen and reconsider a previous decision when the party submitting the request submits, within a reasonable time after receipt of the decision, written argument or evidence tending to establish that:

(1) New and material evidence is available that was not readily available when the decision was issued;

(2) The decision involves an erroneous interpretation of law or regulation, or a misapplication of established policy;

(3) The decision is of a precedential nature involving new or unreviewed policy considerations that may have an effect beyond the case at hand; or

(4) The decision involves policy implications extending beyond the case at hand of such significance as to merit personal attention of the Board members.

See id. The Board found the second factor dispositive because Mr. Mapa did not show any error in the Board's Field Office decision that, based upon his service from December 29, 1947 to February 28, 1977, he had not met the requirements for a CSRS annuity. Nor did Mr. Mapa submit any other evidence or argument which could have met any of the "old system's" remaining factors for reopening his original case. This appeal followed.

III.

This court must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); McLaughlin v. Office

05-3109                                3

of Pers. Mgmt., 353 F.3d 1363 (Fed. Cir. 2004); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

Mr. Mapa contends that the Board did not consider his second period of service to the Government, from 1978 to 1989. However, the Board was cognizant of this second period of service. The Board correctly determined that this service did not support his motion, because the 1980 decision concerned only his first period of service to the Government from 1947 to 1977. Mapa II at 4 (2005). The Board determined that Mr. Mapa's first period of Government service did not meet the requirements for entitlement under the provisions of the "old system" because Mr. Mapa alleged no error in the Board's Field Office decision. In contrast, any consideration of his second period of service must be adjudicated under a post-CSRA framework.

This court concurs with the Board's determination that this new evidence may be properly considered in a new application before OPM, so that OPM can fully develop the record pertaining to Mr. Mapa's service from 1978 to 1989. In sum, Mr. Mapa can seek annuity benefits by requesting a new final decision based on his service from 1978 to 1989.

Because this court finds that the Board reviewed the record appropriately and applied the proper law, this court affirms the decision of the Board.